JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN -9 1986

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 667

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR PASSENGER COMPUTER RESERVATION SYSTEMS ANTITRUST LITIGATION

TRANSFER ORDER

Presently before the Panel are motions by defendants United Air Lines, Inc., (United) and/or American Airlines, Inc., (American) to transfer under 28 U.S.C. §1407 two actions pending in the Northern District of California to the Central District of California for coordinated or consolidated pretrial proceedings with two actions pending there. The eleven airlines that are plaintiffs in one or the other of the Central District of California actions have filed statements of non-opposition to the transfer motions. Opposed to the motions are the remaining parties to this litigation, three affiliated airlines that are plaintiffs in one or the other of the Northern District of California actions.

On the basis of the papers filed and the hearing held, the Panel finds that these four actions involve common questions of fact and that centralization under Section 1407 in the Central District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The four actions in this docket all involve allegations that American and/or United have separately monopolized or attempted to monopolize markets for air passenger service through the exercise of each defendant's alleged independent monopoly power over computerized reservation systems, their sale to travel agents, and the access to their systems by competing carriers. Furthermore, each complaint contains complex allegations that American and United have displayed flight information in a biased manner in their respective systems, have imposed discriminatory and unreasonably high booking fees on competing carriers, have misused data generated by their systems for improper competitive purposes, and have delayed the entry of or suppressed data relating to competitors' flights. Centralization of the four actions under Section 1407 is necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

While no district serves as the clear nexus for this litigation, we are persuaded that the Central District of California is the appropriate forum for this docket. We note that 1) the actions in that district have been pending longer and are further advanced, thereby enabling the judge assigned the actions to have already become familiar with the issues in this litigation; and 2) the majority of the parties in this docket are already parties to action(s) in the Central District of California.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the Northern District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Edward Rafeedie for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:*

Andrew A. Caffrey
Chairman

---

\* Judge Robert H. Schnacke dissents from this decision of the Panel.

SCHEDULE A

MDL-667 -- In re Air Passenger Computer Reservation Systems Antitrust Litigation

### Northern District of California

Continental Air Lines, Inc., et al. v. American Air Lines, Inc., et al., C.A. No. C-85-7131-SW

New York Airlines, Inc. v. American Air Lines, Inc., et al., C.A. No. 85-7471-SW

### Central District of California

USAir, Inc., et al. v. American Air Lines, Inc., et al., C.A. No. 84-8918 ER(Tx)

Pacific Express, Inc., et al. v. United Air Lines, Inc., C.A. No. 84-5185